IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00713-BNB

VITO JOSEPH KERSHAW,

    Plaintiff,

v.

THE PEOPLE OF COLORADO, and
ARAPAHOE COUNTY BOARD OF COMMISSIONERS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 26 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Vito Joseph Kershaw, is incarcerated at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Kershaw initiated this action by filing *pro se* a Prisoner Complaint. On April 13, 2010, he filed an amended Prisoner Complaint pursuant to 42 U.S.C. § 1983. As relief he seeks damages and restoration of his rights under the Colorado Victims Rights Act.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the amended complaint because Mr. Kershaw is a prisoner and he is seeking redress from governmental entities. Pursuant to § 1915A(b)(1) and (2), the Court is required to dismiss an amended complaint, or any portion of an amended complaint, that is frivolous or that seeks monetary relief from a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons stated

below, the Court will dismiss Mr. Kershaw's claims against the Board of County Commissioners of Arapahoe County as legally frivolous pursuant to § 1915A(b)(1). The Court will dismiss Mr. Kershaw's claim against the defendant identified as the People of Colorado pursuant to § 1915A(b)(2).

The Court must construe the amended complaint liberally because Mr. Kershaw is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Kershaw alleges that he was assaulted on May 26, 2009 and that he pressed charges against the person who assaulted him. He claims in this action that his rights under the Colorado Victims Rights Act have been violated because he has not been contacted or kept apprised of the case against the person who assaulted him. Although Mr. Kershaw also contends that his federal constitutional rights have been violated, he does not identify the specific rights under the United States Constitution that allegedly have been violated. The named defendants in the amended complaint are the People of Colorado and the Board of County Commissioners of Arapahoe County. The Court will construe Mr. Kershaw's claims against the People of Colorado, which he describes as a state agency that also represents the people of Colorado, as claims against the State of Colorado. Mr. Kershaw has named the Board of County Commissioners of

2

Arapahoe County as a defendant because "the Board of Commissioners is a state agency that is responsible for the violations of Mr. Kershaw's rights, as a monitoring agency." (Am. Prisoner Compl. at 2.)

Mr. Kershaw's claims against the Board of County Commissioners of Arapahoe County are legally frivolous because Mr. Kershaw fails to identify any official Arapahoe County policy or custom that allegedly caused him injury. Instead, he is suing the Board of County Commissioners for failing to monitor unnamed and unidentified individuals who allegedly failed to contact Mr. Kershaw and keep him apprised of the criminal case against the person who assaulted him. Even assuming the unnamed and unidentified individuals are Arapahoe County employees subject to the supervision of the Board of County Commissioners,

> a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, the Court finds that Mr. Kershaw's claims against the Board of County Commissioners of Arapahoe County are legally frivolous and must be dismissed pursuant to § 1915A(b)(1).

Mr. Kershaw also may not sue the State of Colorado in this action because the State of Colorado is protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). As a result, the State of Colorado is immune from suit unless it has made an express waiver of its Eleventh Amendment immunity and consented to suit in federal court or Congress has abrogated

Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). For the state and its agencies, Eleventh Amendment immunity extends to suits for damages and injunctive relief. *See id.* at 1196.

The State of Colorado has not waived its Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Furthermore, congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). Therefore, the State of Colorado is entitled to Eleventh Amendment immunity and the claims against it must be dismissed pursuant to § 1915A(b)(2).

Finally, even if Mr. Kershaw had named as defendants the individuals who allegedly failed to contact him and keep him apprised of the case against the person who assaulted him, the Court still would dismiss Mr. Kershaw's 42 U.S.C. § 1983 claims as legally frivolous. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). "[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).

Mr. Kershaw's § 1983 claims in this action are legally frivolous because he fails to demonstrate that his federally guaranteed rights have been violated in any way. Even assuming his rights under the Colorado Victims Rights Act have been violated, Mr. Kershaw still fails to allege facts that demonstrate his federal rights have been

4

violated. Merely making vague and conclusory allegations that his federal constitutional rights have been violated does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. The Court finds that Mr. Kershaw's vague and conclusory allegations of federal constitutional violations will not support an arguable claim for relief. Therefore, those claims also are legally frivolous. Accordingly, it is

ORDERED that the complaint, the amended complaint, and the action are dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and (b)(2).

DATED at Denver, Colorado, this  23rd   day of   April  , 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00713-BNB

Vito Joseph Kershaw
Prisoner No. 200800011265
Arapahoe County Det. Facility
PO Box 4918
Englewood, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/26/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk